UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                                                                     :

MICHAEL DONNEL WESLEY,               :

                                              Plaintiff,       :
                                                                  :      05 Civ. 6580 (GEL)
                        -v-                  :
                                                                  :      **OPINION AND ORDER**

LEGAL COORDINATOR LEROY GADSDEN,  :
COMMISSIONER OF NEW YORK CITY      :
DEPARTMENT OF CORRECTIONS MARTIN F. :
HORN, SUPERVISOR OF LEGAL              :
COORDINATORS KAREN POWELL, and    :
WARDEN OF C-73 GEORGE MOTCHAN      :
DETENTION CENTER,                    :
                                                                 :
                              Defendants.    :
------------------------------------------------------------x

Michael Donnel Wesley, pro se.

Michael A. Cardozo, Corporation Counsel of
the City of New York, Lisa Grumet, Assistant
Corporation Counsel, Duncan Peterson,
Assistant Corporation Counsel, New York,
New York, for defendants.

GERARD E. LYNCH, District Judge:

       Pro se plaintiff Michael Donnel Wesley, an inmate at the George Motchan Detention Center on Rikers Island, brings suit pursuant to 42 U.S.C. § 1983, alleging various deficiencies in, and denial of access to, the prison law library. He claims, inter alia, that the library lacks adequate supplies and equipment, that cases are missing from the books, and that prison officials improperly limit the number of photocopies that prisoners may make. As a result of these deficiencies, plaintiff contends, he lost a trial in Queens County Supreme Court. Plaintiff seeks an injunction from this Court ordering specific changes to library policies and conditions. He

also requests transfer to a different prison facility, money damages, and the termination of defendant Leroy Gadsden's employment as Legal Coordinator. (See Complaint at 3-6.)[1]

Defendants move for dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, summary judgment pursuant to Rule 56. Because the Court has considered evidence outside the pleadings, defendants' motion will be treated as one for summary judgment. See Murphy v. Guilford Mills, Inc., 02 Civ. 10105 (LTS), 2005 WL 957333, at *3 (S.D.N.Y. Apr. 22, 2005). The motion will be granted.

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact, and the court must construe the evidence in the light most favorable to the nonmoving party. See Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005). Defendants argue that there is no genuine issue as to the fact that plaintiff failed to exhaust all available administrative remedies.

Under 42 U.S.C. § 1997e, prisoners may not bring any action under federal law with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. The exhaustion requirement is mandatory, even in cases in which relief sought by a prisoner, such as money damages, is not available through administrative channels. See Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 733-34 (2001).

---

[1] In his Local Rule 56.1 Statement, plaintiff alleges additional harms, including mental and bodily injury. (P. Rule 56.1 Statement at 3.) He also seeks additional remedies, including medical expenses and attorneys' fees. (Id.)

2

Courts may excuse a failure to exhaust only in limited circumstances, such as where a defendant forfeits the affirmative defense of non-exhaustion or where a defendant's own actions prevent the inmate from exhausting his or her administrative remedies.  See Braham v. Clancy, 425 F.3d 177, 181-82 (2d Cir. 2005); Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004).

In the instant case, defendants contend that plaintiff failed to comply with a well established five-step administrative grievance process available to him.  Pursuant to this process, an inmate must first file a complaint with the Inmate Grievance Resolution Committee ("IGRC").  If the IGRC does not resolve the grievance informally within five working days, the inmate may request a formal hearing.  After the formal hearing, the inmate may appeal the IGRC's decision to the Warden.  The Warden's decision may then be appealed to the Central Office Review Committee ("CORC").  The CORC's decision, in turn, may be appealed to the Board of Correction.  (See generally D. Mem. in Support of Motion to Dismiss or for Summary Judgment at 2-4; Mimms Affidavit Ex. A.)  If at any stage in the process a prisoner does not receive a timely response to his grievance, he may either grant an extension or proceed directly to the next administrative level.  (Id.; D. Reply Mem. at 5.)  Defendants argue, inter alia, that plaintiff did not request a formal hearing before the IGRC after filing a grievance; nor did he pursue any other appeal.  (Id. at 6, 9.)

In both his complaint and his papers submitted in opposition to defendants' motion, plaintiff asserts that he has exhausted his administrative remedies, but he does not specifically allege or provide any evidence of an attempt to utilize the administrative appeals process described by defendants.  On the contrary, his submissions to the Court confirm defendants' contention that he took no administrative action other than filing an initial grievance and writing a letter to various prison officials.  (See Complaint at 2; D. Mem. Opposing Summary Judgment

3

at 2; P. Rule 56.1 Statement at 1.)² Plaintiff does not argue that the additional administrative appeals described by defendants were unavailable to him; nor does he argue that special circumstances exist to justify an exception to § 1997e's requirements. See Braham, 425 F.3d at 181-82; Giano, 380 F.3d at 677. There is thus no genuine issue of material fact regarding plaintiff's failure to exhaust his administrative remedies, and defendants are entitled to judgment as a matter of law.

The Court recognizes that the procedural requirements for bringing a lawsuit may be frustrating to a prisoner who believes that his rights have been violated. The law is very clear, however, that a prisoner must take advantage of *all* available administrative remedies before turning to the federal courts. See 42 U.S.C. § 1997e.; McCoy v. Goord, 255 F. Supp. 2d 233, 246 (S.D.N.Y. 2003). If the conditions forming the basis of plaintiff's complaint continue to exist, he remains entitled to challenge those conditions at the administrative level. If, after filing all available administrative appeals, the alleged deficiencies in the prison library have not been corrected, plaintiff may at that point bring a lawsuit. Until then, however, § 1997e precludes this Court from considering his claims.³

---

² Though plaintiff has submitted copies of several grievance statements he allegedly filed, along with a letter he wrote to various correction officials, none of the papers submitted demonstrate any attempt to comply with the administrative appeals process. Two of the three grievance statements submitted as exhibits, moreover, do not pertain to library conditions or policies, and therefore are irrelevant to the instant suit. (See Attachments to P. Rule 56.1 Statement.)

³ In his Local Rule 56.1 Statement, plaintiff alleges that defendants retaliated against him for bringing the instant suit. (P. Rule 56.1 Statement at 2.) This claim is not properly pled, however, as plaintiff has not moved to amend his complaint to include it. The Court will therefore not consider it. Should the plaintiff decide to pursue a retaliation claim, he is advised that § 1997e's exhaustion requirement also applies to such claims. See Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004).

For the foregoing reasons, defendants' motion for summary judgment is granted, and plaintiff's claims are dismissed.

SO ORDERED.

Dated: New York, New York
May 30, 2006

_____
GERARD E. LYNCH
United States District Judge